IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KONINKLIJKE PHILIPS N.V.,
and PHILIPS NORTH AMERICA
LLC

                        Plaintiffs,

v.

MEDIATEK INC., and
MEDIATEK USA INC.

                        Defendants.

Civil Action No. 20-1246-CFC

## ORDER

Defendants (collectively, MediaTek) have moved to dismiss the claims for induced and contributory infringement of U.S. Patent Nos. 9,950,977 (the #977 patent) and 10,298,564 (the #564 patent) alleged by Plaintiffs (collectively, Philips) in the operative Amended Complaint. D.I. 30.

As best I can tell from Mediatek's scattershot brief, its primary argument in support of its motion is that Philips has not pleaded sufficiently that Mediatek had knowledge of the asserted patents and knowledge of the patents' infringement by Mediatek's customers. Mediatek states in its Summary of Argument that the Amended Complaint "fails to allege facts sufficient to support a reasonable inference that MediaTek acted with knowledge that: (i) its processors and firmware

have no substantial noninfringing use, and (ii) it induces customers to make products that directly infringe the asserted patents." D.I. 31 at 2–3.

First, with respect to Mediatek's knowledge of the patents and their infringement, Philips has pleaded that: (1) in February 2020, Philips filed a patent infringement complaint against "TCL," a MediaTek customer that "incorporates [MediaTek's] HDCP 2+-capable products into TCL's products," D.I. 23 ¶ 23; (2) in July 2020, Philips filed an amended complaint in that lawsuit, D.I. 23 ¶ 25; (3) in both complaints, Philips "specifically identified 'HDCP 2.x' technology as infringing each of the [#]977 and [#]564 Patents," D.I. 23 ¶¶ 23, 25; (4) MediaTek learned about both complaints through either its "own monitoring efforts . . . or by way of notice from a third party such as [MediaTek's] customer TCL," D.I. 23 ¶¶ 23, 25; and (5) in February 2020, Philips sent to LG Electronics, another Philips customer, a letter in which Philips stated that LG "products incorporating HDCP 2+ technology infringed each of the [#]977 and [#]564 Patents" and that MediaTek "received notice of each of the Asserted Patents and their infringement thereof from LG as a result of such letter." D.I. 23 ¶ 24. A reader of these pleaded facts could plausibly infer that MediaTek had actual knowledge of the asserted patents and its customers' infringement of them.

Second, with respect to substantial noninfringing use, Philips has pleaded that MediaTek is "aware, and continue[s] to be aware, that there is no way to

comply with HDCP 2+ and not infringe the Asserted Patents," D.I. 23 ¶ 32; *see also* D.I. 23 ¶¶ 41, 51; and to substantiate this allegation, Philips has attached to the Amended Complaint claim charts for both asserted patents that plausibly imply that the accused products have no substantial non-infringing uses. D.I. 23 ¶¶ 42, 52; D.I. 23-1, Ex. C, D. These allegations, combined with MediaTek's alleged knowledge that the accused products infringe the asserted patents, plausibly plead contributory infringement. *See DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 471 (D. Del. 2016).

Third, with respect to inducement, Philips has pleaded that MediaTek "advertise[s] . . . [its] digital video-capable circuits and associated firmware for use within digital video-capable devices such as smart televisions," DI. 23 ¶ 31; that MediaTek advertises the accused products as "supporting 'HDMI 2.0/1.4 with HDCP 2.2' interfaces," D.I. 23 ¶ 31; that MediaTek "induce[s] [its] customers to infringe the Asserted Patents by advertising and/or instructing [its] customers regarding infringing uses of the Accused Products," D.I. 23 ¶ 31; and that MediaTek "provide[s] instructions, user guides, and/or other documentation . . . regarding the use and operation of the Accused Products," D.I. 23 ¶ 41, 51. These allegations are sufficient to plausibly imply that Mediatek induces customers to make products that directly infringe the asserted patents.

Now therefore, at Wilmington on this Eleventh day of March in 2024, it is HEREBY ORDERED that Defendants' Renewed Motion to Dismiss Indirect Infringement Claims (D.I. 30) is **DENIED**.

_____
CHIEF JUDGE