IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDIA CONTENT PROTECTION LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>MEDIATEK INC. and<br>MEDIATEK USA INC.,<br><br>  Defendants. | C.A. No.: 20-cv-1246-CFC-LDH<br><br>**JURY TRIAL DEMANDED** |
| MEDIA CONTENT PROTECTION LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>REALTEK SEMICONDUCTOR CORP.,<br><br>  Defendants. | C.A. No.: 20-cv-1247-CFC-LDH<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF MCP'S LETTER REGARDING DISPUTE
RELATING TO THE COURT'S MAY 13, 2025 ORDER**

Dated: May 23, 2025

Michael T. Renaud
Adam S. Rizk
Catherine C. Xu
Timothy J. Rousseau
Courtney Herndon
Meena Seralathan
Williams S. Dixon
Tianyi Tan
MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY & POPEO P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
MTRenaud@mintz.com
ARizk@mintz.com
CXu@mintz.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP 919 N. Market Street, 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Counsel for Plaintiff
Media Content Protection LLC*

TJRousseau@mintz.com
CHerndon@mintz.com
MSeralathan@mintz.com
WSDixon@mintz.com
TTan@mintz.com

Peter F. Snell
Brad M. Scheller
Hannah M. Edge
MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY & POPEO P.C.
919 Third Avenue
New York, NY 10022
(212) 935-3000
PFSnell@mintz.com
BMScheller@mintz.com
HMEdge@mintz.com

The parties have worked together productively to reach agreements regarding all but one issue relating to the Court's May 13, 2025 Order (Case No. 20-1246, D.I. 173; Case No. 20-1247, D.I. 188; *see also* May 12, 2025 Hrg. Tr. (Ex. 1) at 31:23-367:1, 37:12-21, 38:8-16) granting-in-part and denying-in-part Defendants' motion to strike certain portions of MCP's initial expert reports. *See* Ex. 2 (emails between counsel).

The one remaining issue is whether, as MCP contends, the Court's Order that "expert report citations to the LSPCON[-based] damages theory and those documents … will not be stricken" permits MCP's technical expert, Dr. Mangione-Smith, to provide opinions relating to MCP's LSPCON-based damages theory, or whether, as Defendants contend, the Court's order only permits MCP's economics expert, Mr. Weinstein, to provide opinions relating to this theory.

For the reasons discussed below, MCP respectfully requests that the Court confirm that Dr. Mangione-Smith is permitted to provide his disclosed opinions based on the LSPCON-related documents that the Court ordered "will not be stricken" where those opinions provide explanations regarding the functionality, value, and relevance of the LSPCON-devices that are relied on by Mr. Weinstein in providing his LSPCON-based damages opinion.

This dispute relates to five LSPCON-related documents — (1) 96300DOC0371613; (2) 96300DOC0373355; (3) 96300DOC0375178; (4) 96300DOC0425516; and (5) 97101DOC0116398 —discussed by Dr. Mangione-Smith in thirteen paragraphs of his reports (identified in highlighting in the excerpted versions of the reports attached as Exhibits 3 (MediaTek) and 4 (Realtek) hereto). *See* Ex. 2 at 5-6 (identifying for issue #7 these documents and report paragraphs).[1]

Three of these documents — 96300DOC0371613; 96300DOC0375178; and 96300DOC0425516 — were explicitly identified in interrogatory responses to MediaTek and Realtek. *See* Ex. 7 at 22 ("MCP contends that a reasonable royalty for the infringement of MCP's invention as claimed in the Asserted Patents by Defendants may be determined based on one or more of the following theories … (2) the cost, value, purpose, and/or function of any Level Shifter and Protocol Converters (LSPCON) used to support HDCP 2+ and/or HDCP 2+-enabled Accused Product[s] (*see, e.g.*, 96300DOC0370362; ***96300DOC0371613***; ***96300DOC0375178***; 96300DOC0419432; ***96300DOC0425516***; 96300DOC0461514 ….") (emphasis added). The other two documents were used as deposition exhibits — 96300DOC0373355 was used at the deposition of former Intel employee, Scott Janus, which was attended by counsel for MediaTek and Realtek (the former of whom examined the witness) (*see* Ex. 8 (Janus Tr.)) and 97101DOC0116398 was used at the deposition of Intel employee, Sanish Sebastian, which counsel for MediaTek and Realtek were invited to attend (*see* Ex. 10 (email to counsel for Intel, MediaTek and Realtek with connection information for deposition)), and at which MCP's questioning relating to this document focused on LSPCON (*see* Ex. 10 (Sebastian Tr. at 160:25-161:5, 162:17-163:13, 165:18-167:11)).

---

[1] The parties relatedly dispute whether Mr. Weinstein may rely on Dr. Mangione-Smith's opinions relating to the LSPCON-based damages theory. *See* Ex. 2 at 7-8 (identifying for issues #17 and #18 citations by Mr. Weinstein to Dr. Mangione-Smith that are in dispute); Exs. 5-6 (Weinstein's MediaTek and Realtek excerpted reports, respectively, highlighting in yellow citations to Dr. Mangione-Smith that Defendants contend should be struck). The parties agree that the Court's resolution relating to their dispute regarding Dr. Mangione-Smith's reports will resolve these issues as well. They therefore do not need to be independently addressed.

Defendants were thus on notice of MCP's intention to rely on each of these documents with respect to its LSPCON-based damages theory.

Defendants incorrectly contend that the identified portions of Dr. Mangione-Smith's expert reports "is not a damages theory and was struck in the Court's opinion." Ex. 2 at 3. Not so. MCP's interrogatory response explicitly disclosed to MediaTek and Realtek that MCP contends that a reasonable royalty for the infringement of MCP's invention as claimed in the Asserted Patents by Defendants may be determined based on … the ***cost, value, purpose, and/or function*** of any Level Shifter and Protocol Converters (LSPCON) used to support HDCP 2+ and/or HDCP 2+-enabled Accused Product[s]." *See* Ex. 7 at 22. Dr. Mangione-Smith's opinions that Defendants seek to exclude, which are included within the "▇▇▇▇▇▇▇▇▇▇" section of his reports (*see* Ex. 3 at p. 141 *et seq.*; Ex. 4 at p. 141 *et seq.*) relate to each of the "cost," "value," "purpose," and "function" of LSPCON components. For example, Paragraphs 247-251, 256-257, and 259-261 of Dr. Mangione-Smith's MediaTek report[2] describe that the purpose of LSPCON components was to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Paragraphs 252-253 and 262-263 similarly describe the specific function provided by LSPCON components t▇▇▇▇▇▇▇▇▇▇▇▇. Paragraph 252 also explicitly describes the costs of LSPCON components, describing ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ And Paragraphs 264 and 265 explicitly describe the value of LSPCON components, stating, for example, that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (emphasis added).

That Dr. Mangione-Smith does not provide a bottom-line opinion regarding the amount of damages owed by Defendants to MCP for their infringement of the Asserted Patents does not render his LSPCON opinions "not a damages theory" as asserted by Defendants. His opinions explicitly relate to the "cost," "value," "purpose" and "function" of LSPCON components, as described in MCP's interrogatory response disclosing its LSPCON-based damages theory to Defendants and explicitly put a value on these components that is informed by Dr. Mangione-Smith's technical expertise. These opinions are then relied upon by Mr. Weinsten as part of his LSPCON-based damages theory — which the Court has expressly found proper. Accordingly, MCP and Mr. Weinstein should be permitted to rely on Dr. Mangione-Smith's opinions in putting forth their LSPCON-based damages theory.

Finally, Defendants do not dispute that they had physical possession of each of these documents by no later than April 29, 2025, *see* Defendants' May 8, 2025 Letter (Case No. 20-1246, D.I. 171; Case No. 20-1247, D.I. 186) at n.1, which is over one month before the June 9

---

[2] Dr. Mangione-Smith's Realtek report includes identical disclosure at parallel paragraphs, as identified in Ex. 2 hereto. For convenience, MCP cites herein only to Dr. Mangione-Smith's MediaTek report.

2

deadline for rebuttal expert reports (which was extended by 10 days at the request of Defendants pursuant to the Court's May 13 order), *see* Case No. 20-1246, D.I. 179; Case No. 20-1247, D.I. 194; Ex. 2 at 10 (Defendants' email proposing extension of deadlines). Defendants thus have ample time to prepare rebuttal expert reports that respond to Dr. Mangione-Smith's opinions relating to MCP's LSPCON-based damages theory and are not prejudiced by the inclusion of these opinions in the case.

Accordingly, for the foregoing reasons, MCP respectfully requests that the Court confirm that the portions of Dr. Mangione-Smith's expert reports that provide opinions relating to MCP's LSPCON-based damages theory (highlighted in yellow in the attached Exs. 3-4) may remain in the case.

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record (Via E-Mail)