# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDIA CONTENT PROTECTION LLC,<br><br>Plaintiff,<br><br>v.<br><br>MEDIATEK INC. and<br>MEDIATEK USA INC.,<br><br>Defendants. | C.A. No. 20-cv-1246-CFC-LDH<br><br>JURY TRIAL DEMANDED |
| MEDIA CONTENT PROTECTION LLC,<br><br>Plaintiff,<br><br>v.<br><br>REALTEK SEMICONDUCTOR CORP.,<br><br>Defendant. | C.A. No. 20-cv-1247-CFC-LDH<br><br>JURY TRIAL DEMANDED |

**MEDIATEK AND REALTEK'S LETTER TO JUDGE HATCHER REGARDING
MOTION TO STRIKE PORTIONS OF MCP'S INITIAL EXPERT REPORTS RELYING
ON BELATEDLY PRODUCED DOCUMENTS, SOURCE CODE, AND PRODUCTS**

Dated: May 23, 2025

FISH & RICHARDSON P.C.

*/s/ Warren K. Mabey, Jr.*
Douglas E. McCann (No. 3852)
Warren K. Mabey, Jr. (No. 5775)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
dmccann@fr.com
mabey@fr.com

ASHBY & GEDDES

*/s/ John G. Day*
John G. Day (Bar. No. 2403)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Tel: (302) 654-188
jday@ashbygeddes.com

{02125517;v1 }

Joseph V. Colaianni, Jr.
Linhong Zhang (No. 5083)
Jared Hartzman
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
colaianni@fr.com
lwzhang@fr.com
hartzman@fr.com

*Attorneys for Defendants MediaTek Inc. and MediaTek USA Inc.*

Christopher J. Higgins
Sten A. Jensen
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue
Washington, D.C. 20037
(202) 339-8400
chiggins@orrick.com
sjensen@orrick.com

Joseph Kolker
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY, 10019-6142
(212) 506-5000
jkolker@orrick.com

*Attorneys for Defendant Realtek Semiconductor Corp.*

In response to the Court's May 12, 2025 ruling on Defendants' motion to strike (D.I. 171), the parties met and conferred and were able to agree in large part on specific material that should be struck from Plaintiff's expert reports. The remaining issue in dispute concerns Plaintiff's insistence that technical (not damages) opinions in Dr. Mangione-Smith's infringement expert reports relating to LSPCON, an Intel-specific product, and based on Intel documents that were not timely produced to Defendants be allowed to stand. The opinions at issue are paragraphs 247-248, 250 (portions), 251-253, 256-257, 259-263, 264 (portions), and 265 of the Mangione-Smith report served in the MediaTek (-1246) case and paragraphs 248-49, 252-54, 257-58, 260-64, 265 (portions), and 266 of the Mangione-Smith report in the Realtek (-1247) case (and the underlying documents cited in those paragraphs). Plaintiff's position is inconsistent with the Court's ruling which struck all Intel-based technical opinions and the supporting documents in Dr. Mangione-Smith's infringement reports.

At the May 12th hearing, Your Honor ruled that – with one exception – third party Intel documents not timely produced to MediaTek and Realtek and expert opinions based on such untimely-produced documents are stricken from the record:

> 12 THE COURT: If the parties agree that the
> 13 documents were produced in this litigation, then those
> 14 citations, those documents should not be stricken. ***If the***
> ***15 documents were produced in the ITC litigation, if the***
> ***16 documents were used in an Intel deposition and not produced***
> ***17 in this litigation, those documents should still be stricken***
> ***18 because I don't understand how defendants were supposed to***
> ***19 divine which of the probably thousands of depositions***
> ***20 exhibits at issue plaintiff would rely on and for what***
> ***21 purpose.***

> Ex. 1 (transcript of May 12, 2025 motion hearing) at 37:12-21 (emphasis added)

The one exception relates to one of Plaintiff's ***damages*** theories that is based on an Intel product—LSPCON—identified in response to a joint interrogatory served by Defendants including Intel[1], directed to damages theories, which the Court allowed to stand:

> 12 So with respect to expert report citations to
> 13 the ***LSPCON's damages theory and those documents***, those will
> 14 not be stricken. And I am going to order the parties to
> 15 work out whatever it is that needs to be worked out to allow
> 16 the defendant to have time to respond sufficiently and fully
> 17 to ***this*** theory.

> Ex. 1 at 34:12-17 (emphasis added)

---

[1] Although Plaintiff's response to the joint interrogatory concerning damages identified LSPCON, Plaintiff did not identify LSPCON or its related documents in its responses to MediaTek's individual interrogatory concerning damages. *Compare* D.I. 172, Ex. 13 (Plaintiff's Responses to Joint Interrogatory No. 5) at 22 *with* D.I. 171-3 (Plaintiff's Responses to MediaTek's Interrogatory No. 8).

All other unproduced Intel technical documents and opinions based on such documents were struck. The Court's ruling was based on its application of the *Pennypack* factors, in which the Court found that Plaintiff's failure to produce certain Intel and DCP documents to Defendants until after the exchange of opening expert reports containing opinions based on said documents was prejudicial to Defendants:

> 13  Defendants rightly counter that, despite
> 14  whatever suggestion plaintiffs made its intentions,
> 15  defendants didn't actually get some portion of these
> 16  documents at issue until after plaintiff served its report,
> 17  and the defendants should not be expected to guess which of
> 18  what documents at issue in another litigation or another
> 19  proceeding might be applicable or used by defendants -- by
> 20  plaintiff, rather, in this one. ***So while one could argue***
> 21  ***that surprise is suitable, prejudice is not.***

Ex. 1 at 32:13-21 (emphasis added).

Exhibits 2 and 3 are excerpts from the Mangione-Smith infringement expert reports served in the MediaTek and Realtek cases, respectively. As seen in these excerpts at, *e.g.*, paragraphs 251-253 of the Mangione-Smith MediaTek report and paragraphs 252-54 of the Mangione-Smith Realtek report, the opinions being offered are purely technical in nature and directed to the structure (*i.e.*, level shifters, protocol converters, etc.) and operation of Intel's proprietary technology and refer heavily to Intel documents (*i.e.*, Bates ranges 96300 and 97101) that were not timely produced to Defendants and which were struck by the Court's May 12 order. Ex. 3 at ¶¶ 252-54. Similar technical opinions relating to Intel technology can be found in the highlighted portions of Exhibits 2 and 3.

These are ***not*** the damages opinions in the Weinstein damages report that the Court carved out from being stricken in its May 12 ruling. Defendants had no notice of these technical Intel analyses and opinions, nor were any LSPCON-related opinions included in Plaintiff's infringement contentions or interrogatory responses, and the "96300" and "97101" Intel documents on which these opinions are based were not produced to MediaTek and Realtek until after the exchange of initial expert reports. As the Court found, allowing such technical opinions to stand in MCP's infringement expert reports would be highly prejudicial to MediaTek and Realtek who were not afforded the ability to take adequate discovery on any of these materials. Because the opinions expressed in the above-identified paragraphs of the Mangione-Smith infringement reports extensively refer to and are based heavily on the Intel documents that were struck by the Court as untimely, it is necessary and appropriate to strike these opinions from the record.

Further, because LSPCON is an Intel-specific product and the LSPCON-related materials were cited by Plaintiff in response only to a joint interrogatory propounded by all Defendants (including Intel) and ***not*** in its responses to defendant-specific interrogatories, it was understood that Plaintiff was pursuing damages theories based on LSPCON against only Intel, and not MediaTek and Realtek. *Compare* D.I. 172, Ex. 13 (Plaintiff's Responses to Joint Interrogatory No. 5) at 22 *with* D.I. 171-3 (Plaintiff's Responses to MediaTek's Interrogatory No. 8).

Plaintiff's motion is nothing more than an attempted end-around the Court's ruling by trying to shoehorn the offending Mangione-Smith technical opinions into the case under the guise of the

unrelated LSPCON damages opinions that the Court allowed to stand. But these technical opinions are unrelated to a royalty rate, the *Georgia-Pacific* factors, or anything else that a damages expert or theory would include. Moreover, there is little harm to Plaintiff in excluding these documents and opinions because Mr. Weinstein's damages report does not even cite to any of the specific paragraphs of the Mangione-Smith reports relating to LSPCON (highlighted in Exhibits 2 and 3). Instead, Mr. Weinstein broadly cites the entirety of the Mangione-Smith report or to a conversation with Dr. Mangione-Smith. *See, e.g.*, D.I. 171-08 (Mangione-Smith MediaTek Report) at ¶ 106, FN 204 & 205.

Because the Court already struck any documents not timely produced to Defendants and opinions based on such documents (with the exception of Mr. Weinstein's LSPCON-based damages theories and the two documents he cited) based on application of the *Pennypack* factors and the prejudice to Defendants, Defendants respectfully request that the Court deny Plaintiff's motion and confirm that paragraphs 247-248, 250 (portions), 251-253, 256-257, 259-263, 264 (portions), and 265 of the Mangione-Smith report in the MediaTek case and paragraphs 248-49, 252-54, 257-58, 260-64, 265 (portions), and 266 of the Mangione-Smith report in the Realtek case (and the underlying documents) are stricken from the record. The specific material to be stricken is highlighted in the excerpted Mangione-Smith reports at Exhibits 2 and 3.